UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| AL HAMMAN,<br><br>  Plaintiff,<br><br>v.<br><br>UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES; ALEX MARTINS; HAROLD MILLS; TIFFANY ALTIZER; RICK CARDENAS; BILL CHRISTY; JEFF CONDELLO; JOSEPH CONTE; DANNY GAEKWAD; STEPHEN KING; DANIELLA LOPEZ; CARYL MCALPIN; JOHN MIKLOS; MICHAEL OKATEY; YOUNDY COOK; REBECA PLUGUEZ; ROBBIE SLAVIK; AGUSTIN GONZALES; VALENCIA COLLEGE BOARD OF TRUSTEES; and LINDSEY OXENRIDER,<br><br>  Defendants. | Case No. 6:23-cv-395-CEM-RMN |

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on Defendants' Motion to Dismiss the Amended Complaint (Dkt. 31), filed on October 31, 2023. Plaintiff responded in opposition. Dkt. 36. Upon consideration, it is respectfully recommended that (1) Defendants' Motion be

granted, (2) Plaintiff's Amended Complaint be dismissed with prejudice, and (3) the case be closed.

## I. BACKGROUND

### A. Allegations in the Amended Complaint

This is the latest of a series of lawsuits filed by Plaintiff Al Hamman or his son.[1] In this case, Plaintiff asserts claims based on events that occurred on March 21, 2019, when he attempted to attend UCF's Board Meeting. Dkt. 28 at ¶ 28. Plaintiff alleges that he was approached by UCF police and was removed from the meeting in violation of the First Amendment. *Id.* at ¶¶ 39, 60. Plaintiff also alleges that on July 9, 2021, he and his wife were denied service when they attempted to submit a public records request to the university's office of public records. *Id.* at ¶ 62.[2] When Plaintiff asked his wife to record the conversation with Ms. Pluguez, the alleged manager of the office, Ms. Pluguez and UCF's "external lawyers" allegedly threatened Plaintiff with

---

[1] Plaintiff and his son have filed six suits in this Court. *Hamman v. Valencia College Board of Trustees*, No. 6:19-cv-1153; *Hamman v. The University of Central Florida Board of Trustees*, No. 6:19-cv-2243; *Hamman v. The Board of Governors*, No. 6:20-cv-649; *Hamman et al v. The Board of Governors*, No. 6:20-cv-828; *Hamman et al v. The University of Central Florida Board of Trustees*, No. 6:20-cv-01279; *Hamman v. Florida's Board of Governors*, No. 6:22-cv-01267. They filed other suits in state and other federal courts as well.

[2] In Plaintiff's first iteration of his Complaint, he alleges this occurred on July 6, 2021. *See* Dkt. 1 at ¶¶ 14–15.

arrest. *Id.* at ¶ 74. Plaintiff alleges that he was "denied the constitutionally protected right of lawfully requesting a public record." *Id.* at ¶ 80.

Plaintiff also brings claims for alleged violations of the Fourteenth Amendment "guarantee of procedural due process.," *Id.* at ¶¶ 107–128, and "guarantee of substantive due process" *Id.* at ¶¶ 137–149. These claims rehash events litigated in previous lawsuits, alleging that Plaintiff's constitutional rights were violated when "[UCF's] admissions department would not allow Hamman's child to apply for the Program in 2016." *Id.* at ¶ 109. Plaintiff alleges that he was denied a fundamental right to "property" when his son was denied dual enrollment admissions because "the proper interest of free textbooks for Program courses – an entitlement which is granted on the face of [a] statute, a civil right which is construed & written in plain language" was somehow violated. *Id.* at ¶ 111. For the substantive due process claim, Plaintiff alleges that when his son was denied dual enrollment admissions, Plaintiff's "liberty to raise his child as he saw fit within the law," was violated. *Id.* at ¶ 138.

Next, Plaintiff attempts to allege a discrimination claim. *Id.* at ¶¶ 150–153. I construe this claim to be directed at Plaintiff's son's denial to the dual enrollment program in 2016.

Plaintiff then alleges that on June 17, 2021, he attended UCF's general board meeting where he was allowed to speak for three minutes during public

comment. *Id.* at ¶ 155. Plaintiff seems to allege that UCF and "each individual seated at the table that day," "neglected to act because Hamman's rights continued to be violated," when Plaintiff spoke about the "illegal policies [of the University] and their unconstitutional effects." *Id.* at ¶¶ 155, 158, 159, 171. Plaintiff then alleges that "[t]he right Hamman has had violated because of the Board & its individual's neglect to act is the right to due process in this Court, and the right to due process guaranteed through Florida's Constitution & Sunshine Laws as part of the quasi-judicial proceeding which is evidenced by President Cartwright's quasi-judicial report." *Id.* at ¶ 176.[3]

Finally, Plaintiff—for the first time in this litigation—attempts to bring Section 1983 claims against Valencia College and Defendant Lindsey Oxenrider for "violation of Fourteenth Amendment guarantee of Due Process." *Id.* at ¶¶ 178–202.

### B. Procedural History

On August 28, 2023, the undersigned filed a Report and Recommendation recommending that the Court: "(2) **Dismiss with prejudice** Plaintiff's First Claim against the university for lack of subject matter jurisdiction; (3) **Dismiss with prejudice** Plaintiff's Second Claim to the

---

[3] Plaintiff appears to allege that a "quasi-judicial" report, issued by Provost Johnson and forwarded to President Cartwright, stating that there had been no violation of law as it relates to Plaintiff is somehow indicative of his alleged constitutional violations. *Id.* at ¶ 164.

extent that claim is brought against the university for lack of subject matter jurisdiction; (4) **Dismiss with prejudice** Plaintiff's Second Claim to the extent that claim is brought against Defendant Rebeca Pluguez in her individual capacity for violating the First Amendment's Petition Clause; (5) **Dismiss with prejudice** Plaintiff's Second Claim to the extent that claim is brought against Defendant Rebeca Pluguez in her individual capacity for violating the "right to record" protected by the First Amendment; (6**) Dismiss with prejudice** Plaintiff's Third Claim for lack of subject matter jurisdiction; (7) **Dismiss with prejudice** Plaintiff's Fourth Claim against the university for lack of subject matter jurisdiction." *See* Dkt. 23 at 25 (emphasis added).

On September 27, 2023, the District Judge assigned to this case adopted the Report over Plaintiff's objections, dismissed Plaintiff's claims **with prejudice**, and allowed Plaintiff to file an amended complaint "**that addresses the deficiencies outlined in the Report and Recommendation**." Dkt. 27 at 4 (emphasis added). On October 17, Plaintiff filed an Amended Complaint asserting 9 causes of action (some claims already dismissed with prejudice, and some new claims in violation of the Court's order allowing Plaintiff leave to amend his complaint *only* to address the deficiencies outlined in the Report). The instant motion to dismiss followed and the matter is ripe for review.

## II. LEGAL STANDARDS

### A. Failure to State a Claim

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Although a court must accept as true well pleaded allegations, it is not bound to accept a legal conclusion couched as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. For purposes of this analysis, exhibits attached to the complaint are "part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *see also Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6).").

### B. Liberal Construction Standards

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662. *Pro se* parties must comply with the minimum pleading standards set forth in the Federal Rules of Civil Procedure and the Local Rules. *Nawab v. LVNV Funding LLC*, No. 5:12-cv-129, 2012 WL 12918283, at *1 (M.D. Fla. Nov. 19, 2012).

### III. ANALYSIS

This Report and Recommendation addresses each claim in turn and recommends dismissing the entire Amended Complaint with prejudice and closing the case.

### A. Claim 1 against UCF & Defendant Cook and Claims 2 & 3 against UCF and Defendants Cook & Pluguez have been previously dismissed with prejudice.

In Count I, Plaintiff attempts to assert claims against UCF and Defendant Cook as it relates to the events that occurred on March 21, 2019. *See* Dkt. 28 at ¶¶ 25–61. Such claims have been dismissed by this Court *with prejudice*. *See* Dkt. 23 at 5–10. As such, Plaintiff cannot attempt to re-name or re-allege these claims and Count I should be dismissed with prejudice.

The same is true with Counts 2 and 3. These counts relate to the events that occurred on July 9, 2021, at the Public Records Office. Dkt. 28 at ¶¶ 62–106. Such claims have been previously dismissed with prejudice. *See* Dkt. 23 at 10–18. These claims cannot be cleverly cloaked in new names and the Court should dismiss Counts 2 and 3 with prejudice.

As to claims against Defendant Cook and Pluguez in their individual capacities, the undersigned has previously addressed and dismissed with prejudice claims against Ms. Plugez in her individual capacity (on claims related to right to petition and right to record) as barred by qualified immunity. The undersigned need not rehash those arguments here.[4]

**B.  Claims 4, 5, and 6 against UCF & Defendant Cook are barred by the statute of limitations.**

In his Amended Complaint, Plaintiff alleges that Defendants violated the Due Process Clause of the Fourteenth Amendment when it denied his son access to the dual enrollment program. Dkt. 28 at ¶¶ 107–149. Plaintiff also alleges that Defendants violated the "Fourteenth Amendment guarantee against discrimination" in denying his son admission to the dual enrollment program in 2016. *Id.* at ¶¶ 150–153.

---

[4] Defendant Cook is equally entitled to qualified immunity for the same reasons as Ms. Pluguez.

"Florida's four-year statute of limitations applies to a claim of deprivation of rights brought pursuant to 42 U.S.C. § 1983." *Carrillo v. Megaro*, No. 6:23-CV-171, 2023 WL 2228052, * 1 (M.D. Fla. Feb. 8, 2023) (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)). "[T]he statute of limitations begins to run from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Georgia Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (internal quotation marks omitted). Defendants asserted this argument in their first Motion to Dismiss (Dkt. 18). However, the Court could not accept such arguments on the first motion because Plaintiff's initial complaint did not state that the events occurred in 2016. *See* Dkt. 23 at 24. In his Amended Complaint, Plaintiff alleges that the events leading up to his Counts 4, 5, and 6 did in fact occur in 2016. Thus, they are barred by the statute of limitations and the Court should dismiss Counts 4, 5, and 6 with prejudice.

    **C.**    **Claims 7, 8, and 9 are new claims and may not be added to the Amended Complaint.**

In the Court's Order dismissing Plaintiff's initial complaint, the District Judge directed Plaintiff to file an amended complaint that "addressed the deficiencies outlined in the Report and Recommendation." Dkt. 27 at 4. Plaintiff was *not* given leave to amend the complaint to add new claims, nor

has he requested such leave. Defendant argues that Plaintiff knew of the facts underlying his Claim 7, Claim 8, and Claim 9[5] at the time his initial complaint was filed and because the inclusion of these new claims is a "blatant attempt to delay proceedings," they should be dismissed. Dkt. 31 at 15.

    I agree. Plaintiff has been attempting to litigate the same or similar claims for more than four years. In his most recent efforts, he has added new claims related to events that occurred in 2021 in an apparent effort to plead around the statute of limitations and possible res judicata of his old claims. When he filed the initial complaint in this case on March 21, 2023, Plaintiff knew of the facts relating to the claims he wishes to belated add to this case. Allowing these new claims in Plaintiff's Amended Complaint would unfairly prejudice Defendants, who have been rigorously defending the same or similar claims against the same plaintiffs for years. As such, the Court should dismiss Claims 7, 8, and 9. *See McFadden v. Emory Healthcare, Inc.*, No. 1:21-cv-244, 2022 WL 20717420, at * 6 (N.D. Ga. May 18, 2022) ("A district court may find undue delay when a plaintiff knew of the facts supporting the new claim long before requesting leave to amend, and amendment would further delay the proceedings.")

---

[5] Claim 9 asserts new claims against new Defendants not previously served in this case but who were defendants in some of Plaintiff's prior lawsuits. Plaintiff has not seemed to request summons or served the Amended Complaint on these added Defendants.

### D.   Leave to amend would be futile.

A court may deny leave to amend where such amendment would be futile. *See Forman v.* Davis, 371 U.S. 178, 182 (1962); *Maynard v. Bd. Of Regents of Div. of Univs. Of Fla. Dep't of Educ. Ex. rel. Univ. of S. Florida.*, 342 F.3d 1281, 1287 (11th Cir. 2003). Amendment is futile when the plaintiff "provide[s] no reason for the district court to believe that he could offer sufficient allegations to make a claim for relief plausible on its face." *Patel v. Georgia Dep't BHDD*, 485 F. App'x 982, 983 (11th Cir. 2012).

Granting leave to amend would be futile. Plaintiff has been attempting to assert the same or similar claims against Defendants for more than four years. He has filed seven lawsuits in this Court alone. And he has been given two opportunities to plead his claims in this case. It is time for the Court's work to end. The Court should dismiss Plaintiff's claims with prejudice.

### IV.   CONCLUSION

Accordingly, it is respectfully **RECOMMENDED** that the Court:

1.   **GRANT** Defendants' Motion to Dismiss (Dkt. 31);

2.   **DISMISS with prejudice** Plaintiff's Amended Complaint; and

3.   **Direct** the Clerk to terminate any pending motions and deadlines and close the case.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on December 8, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Carlos E. Mendoza

Counsel of Record