UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| AL HAMMAN, | |
| Plaintiff | |
| v. | Case no. 6:23-cv-395-CEM-RMN |
| UCF BOARD OF TRUSTEES AND OFFICERS; VALENCIA COLLEGE Defendant. | Plaintiff's Request for Leave to Reply |

### PLAINTIFF'S Request for Leave to Reply

Pursuant to Local Rule 3.01, Plaintiff seeks leave to reply to Defendant's Response to Hamman's motion to Amend pursuant to *Foman*. Plaintiff realizes that he was unable to complete this in time to confer prior to Counselor Muldowney's departure from work today, and he files this motion hoping that it will be denied without prejudice to allow for the 3.01 conference.

Hamman seeks leave to reply because UCF's attorney and records officer just indisputably perjured themselves as shown on the face of UCF's fraudulent Response.

Defendant's response turns on it's claim that no record was illegally withheld, therefore no retaliation could have taken place. As proof UCF states that Hamman's July 6 request was not fulfilled because Hamman failed to pay the amount requested in the email responding to the July 6 records request. UCF's Records Officer Tanya Perry offers a signed affidavit attesting that the July 6

record request was the only record request which could have touched upon the evidence revealed in the December 2023 fulfillment of the recent request.

But the contested & illegally withheld records request seeking the evidence of which administrator ordered the removal of the policy which was just revealed was made on July 23 2021.   That records request appears in Exhibit 5 of Defendant's Response in the instant matter, on pageID 1260.

The illegally withheld records request was just hidden from this Court in Perry's affidavit but erroneously still included in the appendix, which Hamman made on July 23 2021, was originally received by Tanya Perry herself on July 23 2021.   She not only swore under pain of perjury in the signed declaration in Defendant's Exhibit A that she had searched Exhibit 5 and found no other records requests which touched upon the information revealed in December 2023, but she was the original records officer to oversee the original request.

Counselor Muldowney was aware that the contended records request was the July 23 request because it is essentially the same as the evidence sought in the recently improperly withheld discovery request, the one which was the main evidentiary subject of Hamman's very recent Motion to Compel Discovery.   The discovery version of this request which was illegally withheld in contravention of this Court's rules of evidence is found on page 2, request B of Hamman's motion to compel.

The newly surfaced evidence which was withheld illegally as a records request when made July 23 2021 was the evidence which Muldowney just argued for UCF's right to continue to withhold two months ago in this case.

Respectfully submitted February 1 2024

_____/s_____
Al Hamman

## CERTIFICATE OF SERVICE

On Feb 1 2024 I emailed a copy of this filing to Pat Muldowney, UCF's attorney in this matter

## 3.01(g) CERTIFICATION

Plaintiff was not able to complete this motion in time to send Counselor Muldowney the draft copy he requires prior to the court-required phone conference.

Plaintiff will confer and update this certificate as soon as possible in the hopes of getting it updated in time to avoid the trouble of the Court going through the process of my refiling.

_____/s_____
Al Hamman