UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AL HAMMAN,**

**Plaintiff,**

**v.**                                                          Case No.  **6:23-cv-395-CEM-RMN**

**UNIVERSITY OF CENTRAL
FLORIDA BOARD OF
TRUSTEES, ALEX MARTINS,
HAROLD MILLS, TIFFANY
ALTIZER, RICK CARDENAS,
BILL CHRISTY, JEFF
CONDELLO, JOSEPH CONTE,
DANNY GAEKWAD, STEPHEN
KING, DANIELLA LOPEZ,
CARYL MCALPIN, JOHN
MIKLOS, MICHAEL OKATEY,
YOUNDY COOK, REBECA
PLUGUEZ, ROBBIE SLAVIK,
AGUSTIN GONZALES,
VALENCIA COLLEGE BOARD
OF TRUSTEES, and LINDSEY
OXENRIDER,**

**Defendants.**

_____/

**ORDER**

THIS CAUSE is before the Court on Defendants' Motion to Dismiss

("Motion," Doc. 31), to which Plaintiff submitted a Response (Doc. 36). The United

States Magistrate Judge issued a Report and Recommendation ("R&R," Doc. 41),

recommending that the Motion be granted and the Amended Complaint (Doc. 28) be dismissed with prejudice, (Doc. 41 at 11). Plaintiff filed Objections (Doc. 42), to which Defendants filed a Response (Doc. 44). Also pending is Plaintiff's Consolidated Motions for Leave to Amend, Vacate, and Stay ("Consolidated Motion," Doc. 43), to which Defendants filed a Response (Doc. 45). As set forth below, Plaintiff's Objections will be overruled, Plaintiff's Consolidated Motion will be denied, and the Amended Complaint will be dismissed with prejudice.

## I.    BACKGROUND

Plaintiff Al Hamman alleges his son was denied admission into the University of Central Florida's ("UCF") dual enrollment program in 2016. (Doc. 28 at 31). Plaintiff initially filed a Complaint containing four claims against the following Defendants—the UCF Board of Trustees ("Board"), the UCF Board members in their official and individual capacities, UCF's Vice President of Legal Affairs Youndy Cook ("Cook"), office manager for UCF's Office of Public Records Rebeca Pluguez ("Pluguez"), and UCF Police Officers Robbie Slavik and Agustin Gonzales. (*See generally* Doc. 1).

In its September 27, 2023 Order (Doc. 27), this Court adopted the Magistrate Judge's Report and Recommendations (Doc. 23) and granted Defendants' Motion to Dismiss (Doc. 18). (*See generally* Doc. 27). In that Order, the Court dismissed with prejudice Plaintiff's First, Second, Third, and Fourth Claims against the Board

for lack of subject matter jurisdiction. (*Id.* at 3). The Court also dismissed with prejudice the Second Claim against Pluguez in her individual capacity. (*Id.* at 4). It then stated: "Plaintiff may file an Amended Complaint that addresses the deficiencies outlined in the Report and Recommendation." (*Id.* at 4). It also warned Plaintiff that "[f]ailure to address the deficiencies outlined in the Report and Recommendation will result in this case being dismissed without further notice." (*Id.*).

Plaintiff filed an Amended Complaint containing nine claims adding Defendants Valencia College's Board of Trustees ("Valencia Board") and Valenica's Dual Enrollment Coordinator Lindsey Oxenrider in her official and individual capacities. (*See generally* Doc. 28). Defendants moved to dismiss all claims with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (Doc. 31 at 1).

## II.    OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's R&R concerning specific proposed findings or recommendations to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### A.    Claims 1, 2, and 3

Claim 1 is brought against the Board and Cook. (Doc. 28 at 6). Claims 2 and 3 are brought against the Board, Cook, and Pluguez. (*Id.* at 21). All three claims allege First Amendment violations by Defendants. (Doc. 28 at 6, 23, 26). In his objections regarding these claims, Plaintiff raises arguments about findings on qualified immunity that were made in the Magistrate Judge's previous Report and Recommendations (Doc. 23), adopted by the Court in its September 27, 2023 Order (Doc. 27). However, these arguments were not raised in a timely manner in Plaintiff's previous Objections (Doc. 25), nor were they raised in Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 36). "Where a party raises an argument for the first time in an objection to a report and recommendation, the district court may exercise its discretion and decline to consider the argument." *Daniel v. Chase Bank USA, N.A.*, 650 F. Supp. 2d 1275, 1278 (N.D. Ga. 2009) (citing *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)). Plaintiff did not present these arguments to the Magistrate Judge, and therefore, the Court declines to consider them.

The Magistrate Judge determined that qualified immunity applied to Cook, just the same as it applied to Pluguez, stating: "Defendant Cook is equally entitled

to qualified immunity for the same reasons as Ms. Pluguez," (Doc. 41 at 8 n.4).
Plaintiff does not make any objection to treating the two defendants equally in the
qualified immunity analysis. He takes issue, instead, with the word "entitled." (Doc.
42 at 17). Language finding a defendant "entitled" to qualified immunity is common
in case law—even in cases cited by Plaintiff. *See, e.g.*, *Harlow v. Fitzgerald*, 457
U.S. 800, 809 (1982) (holding executive officials "generally are *entitled* only to a
qualified immunity" (emphasis added)); *Pearson v. Callahan*, 555 U.S. 223, 243
(2009) ("[W]e hold that petitioners are *entitled* to qualified immunity because the
entry did not violate clearly established law." (emphasis added)); *Lassiter v.
Alabama A&M University*, 28 F.3d 1146, 1149 (11th Cir. 1994) (finding "defendants
are *entitled* to qualified immunity" (emphasis added)).

Furthermore, as the R&R explains, all three claims have already been
dismissed with prejudice against the Board. Claim 1 has been dismissed with
prejudice against Cook, and both Claims 2 and 3 have been dismissed with prejudice
against Pluguez. (Doc. 41 at 7–8). Claim 1 in the Amended Complaint corresponds
directly to Claim 1 in the Complaint. (*Compare* Doc. 28 at 6–21, *with* Doc. 1 at 3).
Claims 2 and 3 in the Amended Complaint correspond directly to Claim 2 in the
Complaint. (*Compare* Doc. 28 at 21–30, *with* Doc. 1 at 4–5). Plaintiff essentially
acknowledges as much in his Response. (*See* Doc. 42 at 11, 13 (headings objecting
to "findings regarding original Complaint #1 / Amended Complaint #1" and "Claims

2 & 3 Amended Complaint / O.C. Claim #2")). When a claim is dismissed with prejudice, a plaintiff cannot refile the same claim again in that court. Because these claims were already dismissed with prejudice, the R&R correctly found that the repackaged claims—brought once again in the Amended Complaint—should be dismissed with prejudice.

### B.   Claims 4, 5, and 6

Claims 4, 5, and 6 all contain slightly differing allegations. However, all three claims are alleged constitutional violations that were brought pursuant to 42 U.S.C. § 1983. As explained in the R&R, these claims are barred by the statute of limitations. (Doc. 41 at 9). Claims brought pursuant to § 1983 are subject to the forum state's statute-of-limitations period for personal injury actions. *See Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 872 (11th Cir. 2017). In Florida, the statute of limitations for personal injury actions is four years. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). This, Plaintiff does not dispute.

"The statute of limitations on a section 1983 claim begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Van Poyck v. McCollum*, 646 F.3d 865, 867 (11th Cir. 2011) (internal quotation marks omitted). Plaintiff alleges that the conduct underlying all the claims—his son's denial of admission into the dual enrollment program—occurred in 2016. (Doc. 28 at 31). Here, Plaintiff not

only could have filed lawsuits within the statute of limitations period but, in fact, he

did. (*See* Doc. 41 at 2 n.1). It has been apparent to Plaintiff what his alleged injury

was and who it was that allegedly injured him since 2016—seven years prior to the

filing of this case. *See VanPoyck*, 646 F.3d at 867; *see also Mullinax v. McElhenney*,

817 F.2d 711, 716 (11th Cir. 1987) (holding the district court "should have looked

to when [the plaintiff] first realized that she had been injured and that [defendants]

had inflicted that injury").

Plaintiff argues, however, that the statute of limitations has not run on these

claims because he alleges that his rights were violated through 2022, (Doc. 42 at 2),

relying on *Lefkowitz v. Turley*, 414 U.S. 70 (1973). However, *Lefkowitz* makes no

mention of the facts as Plaintiff recounts them, nor does it advance the proposition

Plaintiff asserts it does. *See generally id.* "A prior violation of a plaintiff's

constitutional rights is not a continuing violation simply because its effects linger

into the present." *Doe v. Swearingen*, 51 F.4th 1295, 1305 (11th Cir. 2022). The

Eleventh Circuit "distinguishes between the present consequence of a one[-]time

violation, which does not extend the limitations period, and the continuation of that

violation into the present, which does." *Ctr. for Biological Diversity v. Hamilton*,

453 F.3d 1331, 1335 (11th Cir. 2006). Plaintiff has not alleged a continuing

violation. There are no allegations in the Amended Complaint pertaining to UCF

denying his son admission to the dual enrollment program after 2016. Thus, all

Plaintiff has alleged here is a continuing harm. It was the one-time denial of admission into the dual enrollment program that formed the basis for the alleged violation in these claims. *See McGroarty v. Swearingen*, 977 F.3d 1302, 1307–08 (11th Cir. 2020) (not applying continuing violation doctrine where state agency's publication of sex offender registry was a one-time act that amounted to a single alleged violation); *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) (not applying continuing violation doctrine where the defendants' decision not to consider the plaintiff for parole until a later date "was a one[-]time act with continued consequences").

Continuing with this line of argument, Plaintiff claims that he notified the Board of this violation on June 17, 2021, which falls within the statute of limitations. (Doc. 42 at 3, 4). However, notifying a defendant of an alleged violation is not a continuing violation. It is a defendant being informed of the continued consequences of a one-time act. Plaintiff does then allege a constitutional violation occurred on June 21, 2022, but he does not state what it was that occurred. (Doc. 42 at 5). This date also appears nowhere in the Amended Complaint. Such a vague allegation cannot be a basis for tolling the statute of limitations. Plaintiff also alleges that "[b]ecause these policies prohibit [his] son from participating in the Dual Enrollment program as granted by law, UCF is currently abusing his [son's] constitutional rights." (Doc. 28 at 46). Rather than alleging any new conduct by UCF, Plaintiff

relies once more on a continuing violation theory while only alleging a continuing harm. Because the statute-of-limitations period is four years and the continuing violation doctrine does not apply, Plaintiff's claims are time barred.[1]

### C.    Claims 7, 8, and 9

As to Claims 7 and 8, Plaintiff only objects to the R&R's recommendation of a with prejudice dismissal. He asserts that dismissal without prejudice is appropriate for Claims 7 and 8, and it may also be appropriate for Claim 9. (Doc. 42 at 19). In this vein, the R&R notes that the Court directed Plaintiff only to file an amended complaint that "addresses the deficiencies outlined in the Report and Recommendation." (Doc. 41 at 9 (quoting Doc. 27 at 4)). Plaintiff was not permitted to add new claims, and the substance of Claims 7, 8, and 9 were not present in the original Complaint.

Claims 7 and 8 are causes of action for neglect to prevent, brought pursuant to 42 U.S.C. § 1986. (*See* Doc. 28 at 45, 48). However, the events on which the claims are based occurred in 2021. (*See id.* at 45–51). The statute-of-limitations period for actions for neglect to prevent is one year. 42 U.S.C. § 1986 ("no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued"). Therefore, Claims 7 and 8

---

[1] Plaintiff also makes two other objections to the R&R's findings on Claims 4, 5, and 6, but the Court need not address those arguments because these Claims are time barred.

are time barred. As for Claim 9, it is brought against Defendants that were not served. Additionally, now Claim 9 appears to be moot, in light of Plaintiff's proposed Second Amended Complaint. (*See* Doc. 43-2 at 10 (explaining Claim 9 "has become unnecessary at this point")).

In objecting to the recommendation that these claims be dismissed with prejudice, Plaintiff now asserts that he "did not have all of the evidence he had a right to have [ ] at the time, and . . . he was reluctant to claim anything which he did not already possess dispositive proof of." (Doc. 42 at 20). The Court will address this argument regarding newly discovered evidence below in the analysis of Plaintiff's Consolidated Motion, which raises the same argument.

"When a court's order directs a party to amend a complaint in a particular manner, the court is within its discretion to dismiss the non-compliant amended complaint with prejudice." *Chiron Recovery Ctr., LLC v. United Healthcare Servs., Inc.*, 438 F. Supp. 3d 1346, 1356 (S.D. Fla. 2020) (citing *Petrano v. Old Republic Nat'l Title Ins. Co.*, 590 F. App'x 927 (11th Cir. 2014)). "The dismissal of a complaint is an appropriate sanction when a plaintiff engages in 'willful conduct and . . . lesser sanctions are inadequate.'" *Petrano*, 590 F. App'x at 929 (quoting *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir.2006)).

Plaintiff chose to file a non-compliant Amended Complaint—containing three claims which were already dismissed with prejudice and three new claims. This,

despite the Court's Order being clear as to what the Amended Complaint could contain. (*See* Doc. 27 at 4). Instead, Plaintiff expounds on claims previously dismissed with prejudice, (Doc. 28 at 6–30), and adds new claims and attempts to bring in new Defendants, (*id.* at 45–55). These new claims involve facts from the events of June 17, 2021, which—as the R&R correctly points out—Plaintiff knew when he brought this lawsuit in 2023. (Doc. 41 at 10). The basis for Plaintiff's allegations in those claims were all occurrences that he experienced or witnessed firsthand. (*See* Doc. 28 at 45–55). Only fifteen of the fifty-six-pages in the Amended Complaint attempt to address the Court's concerns. Rather than remedying the deficiencies laid out by the Magistrate Judge in the R&R, Plaintiff amended his complaint in contravention of the Court's Order. *See Petrano*, 590 F. App'x at 929 (finding willful disobedience of the district court's order when the plaintiffs enlarged complaint by adding over 100 defendants and almost 100 pages when given leave to amend "limited to one—and only one—occurrence, which raises a federal claim").

"[W]here any other sanction would fail to cure the harm . . . dismissal can be appropriate." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985). No other sanction here would be sufficient as Plaintiff has been provided ample opportunities by this Court to plead these claims. And as addressed in the analysis of the Consolidated Motion below, Plaintiff has shown that if given opportunity to amend,

he would once again advance the claims dismissed with prejudice. (*See generally* Doc. 43-2). As the Magistrate Judge explained:

> Plaintiff has been attempting to assert the same or similar claims against Defendants for more than four years. He has filed seven lawsuits in this Court alone. And he has been given two opportunities to plead his claims in this case. It is time for the Court's work to end.

(Doc. 41 at 11). Plaintiff's Objections will be overruled.

## III.   CONSOLIDATED MOTION

### A.   Motion to Amend

Plaintiff seeks leave to amend to show his constitutional rights were violated after 2019. (*See* Doc. 43 at 2). Motions to amend a pleading are governed by Federal Rules of Civil Procedure 15 and 16. Plaintiff claims he has found newly discovered evidence, "which gives [a] whole new insight into the events of June 2021 and UCF's intentional violation of Florida Statutes and Board of Governors policies." (*Id.*). However, the deadline to amend the pleadings—July 7, 2023—has long since passed. (*See* Doc. 21). Because the deadline has passed, the Case Management and Scheduling Order must be amended. Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Nat'l Tr. Ins. Co. v. Graham Bros. Constr.*, 916 F. Supp. 2d 1244, 1249–50 (quoting *Sosa v.*

*Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998). Yet Plaintiff makes no mention of the Court-ordered deadline nor explains why amendment should be allowed under Rules 15 and 16 after that deadline has passed.

Plaintiff relies exclusively on *Foman v. Davis*, 371 U.S. 178 (1962). He futilely attempts to wring new meaning from *Foman*. In so doing, he conflates a variety of procedural moves available to litigants—including appeals, motions to vacate, and amending pleadings. What is before this Court is entirely distinguishable from *Foman*. Here, the Court understood that Plaintiff did indeed seek to amend the Complaint by, in fact, filing an Amended Complaint. (*See generally* Doc. 41). Plaintiff is correct that the *Foman* Court held the lower courts were in error for denying a motion to vacate the judgment to allow the petitioner to amend the complaint to "do[ ] no more than state an alternative theory of recovery." 371 U.S. at 182. Plaintiff claims this is all he attempts to do here, attaching a proposed Second Amended Complaint (Doc. 43-2).

That document, however, does no such thing and only compounds the deficiencies in the Amended Complaint. First, it incorporates by reference the Amended Complaint. (*Id.* at 1). It then proceeds to supplement the first three claims, which have already been dismissed with prejudice. (*Id.* at 2–7). Plaintiff's additions to Claims 4, 5, and 6 do not allege any new constitutional violations by the Board or Cook within the statute of limitations. (*Id.* at 7–9). Claims 7 and 8 are addressed, but

there do not appear to be any additional facts pleaded. (*Id.* at 9). Claim 9, Plaintiff now asserts "has become unnecessary at this point." (*Id.* at 10). However, as explained before, the latter three claims cannot be brought because the Court's September 27, 2023 Order did not permit Plaintiff to bring new claims—let alone against new Defendants.

In the R&R, the Magistrate Judge recommended dismissing the Amended Complaint with prejudice because he found that leave to amend would be futile. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Here, Plaintiff's proposed Second Amended Complaint would still be properly dismissed. Claims 1, 2, and 3 were previously dismissed with prejudice; Claims 4, 5, and 6 remain time barred; and Claims 7, 8, and 9 were improperly brought in violation of the Court's September 27, 2023 Order. "[D]enial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Foman*, 371 U.S. at 182. This Court has explained why amendment as Plaintiff proposes is futile.

Next, Plaintiff explains that because he spent two weeks researching sovereign immunity issues, "the court-ordered sovereign-immunity snipe hunt

violated Hamman's right to properly amend the Original Complaint." (Doc. 43 at 8). But Plaintiff merely seeks to disrupt and delay these proceedings. It is readily apparent to the Court that Plaintiff knew the facts relating to the events he seeks to add in his Second Amended Complaint at the time he filed the original Complaint on March 21, 2023. He experienced those events personally and referenced them in the Amended Complaint. (*See* Doc. 28 at 45–55). Having exhausted all attempts at substantive argument, Plaintiff finally attacks the Magistrate Judge, claiming he "violated his duty to the Florida Bar of candor to the court under the rules of the Florida Bar." (Doc. 43 at 9). Plaintiff is welcome to object to the Magistrate Judge's rulings, but he is not allowed to lob specious and frivolous accusations. Plaintiff has not met his burden to show why amendment is necessary.

### B.    Motion to Vacate

Plaintiff also moves to vacate the Court's September 27, 2023 Order. (*See* Doc. 43 at 12). Until recently, Plaintiff alleges that "he did not have all pertinent evidence. Documents that he had a right to have 2.5 years ago were withheld until December 8[,] 2023, the same day the Magistrate[ Judge]'s Report was docketed." (Doc. 43 at 13). Plaintiff argues that *Foman* supports his motion and again quotes from it at length. (*See* Doc. 43 at 12). However, Plaintiff does not cite any other rules or case law in support of his motion.

Taking the motions to amend and vacate together, it appears Plaintiff is attempting to move for reconsideration of the Court's September 27, 2023 Order. "Reconsideration of a Court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003). "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined." *Id.* at 1340. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993). "The movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* at 1073. As noted above, Plaintiff has not set forth facts or law in support of this motion beyond merely rehashing the same arguments he has made before. Therefore, he has not met the extraordinarily high bar required for a motion for reconsideration.

Plaintiff also argues in this section that he should be given leave to amend because he changed the cause of action from § 1983 to First Amendment, and so, he is stating an alternative theory of recovery under *Foman*. (Doc. 43 at 12). However, the First Amendment does not provide a standalone cause of action. *See* U.S. Const. amend. I. What Plaintiff alleges is a claim for First Amendment retaliation, which

must be brought under 42 U.S.C. § 1983. "Section 1983, which derives from § 1 of the Civil Rights Act of 1871, 17 Stat. 13, creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). Thus, the Court agrees with Plaintiff that he did not "cleverly cloak" the claims brought once more in the Amended Complaint. (*See* Doc. 43 at 13). Rather he disguised them behind Groucho glasses. Plaintiff has not met his burden to show that the Court's September 27, 2023 Order should be vacated.

### C.     Motion to Stay

Finally, "Plaintiff seeks a stay under Rule 62 in order to stay the ruling on the Recommendations so that Plaintiff may amend pursuant to *Foman* above." (Doc. 43 at 15). Plaintiff provides no other arguments, whether factual or legal, to support this motion. This motion will be denied.

### IV.     *MARTIN-TRIGONA* INJUNCTION

Defendants suggest that the Court enjoin Plaintiff from "filing future action unless reviewed and signed by a member in good standing of the Florida Bar." (Doc. 44 at 12). There is clearly no love lost between these parties. However, given Plaintiff's litigious history, as noted in the R&R (Doc. 41 at 11), a *Martin-Trigona* injunction may be warranted.

An injunction subjecting a plaintiff's filings to a prescreening requirement is an appropriate method for defending the judicial system from abusive and vexatious litigation. *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1386–87 (11th Cir. 1993); *Copeland v. Green*, 949 F.2d 390, 391 (11th Cir. 1991). "The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986). A plaintiff "can be severely restricted as to what he may file and how he must behave in his applications for judicial relief. He just cannot be completely foreclosed from *any* access to the court." *Id.*

Plaintiff proceeds *pro se* here. Traditionally, *pro se* litigants are afforded greater leeway than counseled parties given the liberal construction afforded to *pro se* filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, as the Eleventh Circuit has held, "*pro se* filings do not serve as an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (internal quotation marks omitted).

Plaintiff's history with litigation in this Court has been laid out multiple times already. His penchant for rambling and frivolous arguments have been detailed. And when things do not go his way, he resorts to *ad hominem* attacks. This is the seventh such lawsuit he and his son have filed in this Court addressing the same overarching

subject. (*See* Doc. 41 at 2 n.1). At a time when this Court must manage heavy dockets with scarce judicial resources, this type of vexatious litigation is severely injurious to the judicial system. Plaintiff's behavior cannot be allowed to continue. Accordingly, Plaintiff will be ordered to show cause as to why a *Martin-Trigona* injunction should not be entered.

## V.    CONCLUSION

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, and considering Plaintiff's Objections, the Magistrate Judge's recommended disposition is accepted.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Objections (Doc. 42) are **OVERRULED**.

2. The Report and Recommendation (Doc. 41) is **ADOPTED** and made a part of this Order.

3. Defendants' Motion to Dismiss (Doc. 31) is **GRANTED**.

4. Plaintiff's Consolidated Motion (Doc. 43) is **DENIED**.

5. The Amended Complaint (Doc. 28) is **DISMISSED with prejudice**.

6. **On or before September 9, 2024**, Plaintiff shall **SHOW CAUSE** in writing and limited to no more than ten pages, as to why Plaintiff should not be subject to a *Martin-Trigona* injunction, requiring any

future filings made by Plaintiff be pre-screened before they are accepted.

**DONE** and **ORDERED** in Orlando, Florida on August 23, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party